IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

---

CARLOS COLEMAN

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

THE BOEING COMPANY
DALLAS RATLIFF,
DARREN HARDY,
JEFF STEIN,
SIMONE COBBETT,
LINDSEY SNELL,

_____

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

---

**Amended Complaint for Employment Discrimination**

Case No. 2:16-cv-01451-DCN-MGB
*(to be filled in by the Clerk's Office)*

Jury Trial:    ■ Yes    ☐ No
*(check one)*

RECEIVED CLERK'S OFFICE
2016 DEC 20 1 A 9: 01
DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                CARLOS COLEMAN
Street Address      PO BOX 40606

|  | City and County | NORTH CHARLESTON, CHARLESTON |
|---|---|---|
|  | State and Zip Code | SOUTH CAROLINA, 29423 |
|  | Telephone Number | 843-801-5269 |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | THE BOEING COMPANY |
| Job or Title (if known) | |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | 312-544-2000 |

Defendant No. 2

|  |  |
|---|---|
| Name | DALLAS RATLIFF |
| Job or Title | FIRST LEVEL MANAGER (production) (if known) |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | N/A |

Defendant No. 3

|  |  |
|---|---|
| Name | DARREN HARDY |
| Job or Title | FIRST LEVEL MANAGER (production) (if known) |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | N/A |

Defendant No. 4

|  |  |
|---|---|
| Name | JEFF STEIN |

| | |
|---|---|
| Job or Title | FIRST LEVEL MANAGER (production) (if known) |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | N/A |

Defendant No. 5

| | |
|---|---|
| Name | SIMONE COBBETT |
| Job or Title | SENIOR MANAGER (production) (if known) |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | N/A |

Defendant No. 6

| | |
|---|---|
| Name | LINDSEY SNELL |
| Job or Title | HUMAN RESOURCE GENERALIST (if known) |
| Street Address | 5300 INTERNATIONAL BOULEVARD |
| City and County | NORTH CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA 29418 |
| Telephone Number | N/A |

## C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | THE BOEING COMPANY |
| Street Address | 5300 INTERNATIONAL BVLD |
| City and County | N.CHARLESTON, CHARLESTON |
| State and Zip Code | SOUTH CAROLINA |
| Telephone Number | 312-544-2000 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

█     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e

to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

■    Other federal law *(specify the federal law)*:

   29 CFR 1602.14, 42 USC 1981, 1983, 1985(3), and 1986

■    Relevant state law *(specify, if known)*: SC Code 1-13-20 and SC Code 1-13-80

☐    Relevant    city    or    county    law    *(specify,    if    known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

■    Termination of my employment.
☐    Failure to promote me.
☐    Failure to accommodate my disability.
■    Unequal terms and conditions of my employment.
■    Retaliation.
■    Other acts *(specify)*:    The Managers and HR were not following the company's policies to assure consistency between Males and Females.

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

10-29-14

C.    I believe that defendant(s) *(check one)*:

■    is/are still committing these acts against me.
☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

■    race _____
☐    color _____
■    gender/sex _____
☐    religion _____
☐    national origin _____
☐    age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐    disability or perceived disability *(specify disability)*
_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

**1st Defendant The Boeing Company**

1.    Boeing Statement to the EEOC on Page 2 Paragraph D and E says I never brought forward any EEO related allegation prior to my discharge, which is true. However, I didn't have too, the EEO policy places the responsibility on the Managers and HR to report any conduct that may violate

the policy as well as any allegations I may have brought forth. The Boeing EEO Policy addresses both conduct and allegations Boeing Statement failed to mention this to the EEOC.

2. Boeing Statement to the EEOC on Page 5 2nd Paragraph says in a continued effort to again stress the importance of the need for Coleman to improve his performance and give Coleman another opportunity to succeed in his position, on October 13, 2014, Coleman's Performance Improvement Plan (PIP) was extended with a new end date of October 31, 2014.

3. I told Lindsey Snell (HR) about how Jeff Stein and Simone Cobbett cut the times in half during the PIP after they seen I was completing their goals set on the PIP. Snell told Stein and Cobbett it wasn't fair to adjust the times during the PIP.

4. In a opportunity to show good faith Boeing didn't provide any documentation to support the changes made to the PIP for the extension to the EEOC in their disclosure of documents Per Section 29 CFR 1602.14

5. In a opportunity to show good faith Boeing didn't provide the EEOC with any Performance Management Review (PMR or PM) supporting documentation Per Section 29 CFR 1602.14, which was my main reason for complaining internally and using the Alternative Dispute Resolution (ADR) process, Boeing only showed the PMR which I complained about in my ADR's (case # 635350, 589483, and 623471) prior to filing this complaint.

6. In a opportunity to show good faith Boeing didn't provide the EEOC with any of the weekly PIP review documentation from 9-12-14 through 10-29-14 Per Section 29 CFR 1602.14, which would've shown my progress up to the October 13-2014 when they cut the times.

7. In a opportunity to show good faith Boeing's Statement to the EEOC, they failed to mention their internal process called Alternative Dispute Resolution (ADR).

8. In Boeing's Statement to the EEOC, they failed to mention in a good faith effort I was using the ADR process for my complaints about the misapplication of company policy, which Boeing acknowledge in Paragraph C their EEO policy includes sex and applies to all terms and conditions of employment including Performance reviews and Corrective actions, which could've been the basis for my retaliation claim.

9. In Boeing's Statement to the EEOC, they failed to mention in a good faith effort I filed an ADR (case # 589483) prior to having any current corrective actions on file in 2014.

10. In Boeing's Statement to the EEOC, they failed to mention in a good faith effort I filed 3 ADR's (case # 635350, 589483, and 623471) prior for managers not following the company policies on Performance Management Reviews before filing the EEOC questionnaire and Charge of Discrimination.

11. In a opportunity to show good faith Boeing's Statement to the EEOC, failed to mention I filed a total of 3 ADRs (case # 635350, 589483, and 623471) complaining about what appears to be unequal terms and conditions of employment, Disparate treatment and Retaliation against me for bring forth a good faith effort using the Company's internal processes.

12. In a opportunity to show good faith Boeing's Statement to the EEOC, failed to mention 2 of the ADR's (case # 589483, and 623471) were pending during the PIP and the termination, which I believe would supported my unequal terms and condition of employment and retaliation claims.

13. In an opportunity to show good faith Boeing's Statement to the EEOC, failed to mention I was seeking to resolve my latest (August 8, 2014) PM challenge before the termination (October 29, 2014) through my Superintendent Craig King which was Stein, Cobbett, Ratliff, and Hardy's boss.

14. In an opportunity to show good faith Boeing's Statement to the EEOC, failed to mention the emails I sent to Craig King's assistant to schedule a meeting about his managers and their misapplication of company policy concerning the PMR's.

15. In a opportunity to show good faith Boeing's Statement to the EEOC, they failed to mention the ADR case manager Shelly DE' Jesus.

16. In a opportunity to show good faith Boeing's Statement to the EEOC, failed to provide the ADR's (case # 635350, 589483, and 623471) documents I filed.

17. Boeing provided misleading statements to the EEOC in Paragraph D by stating "At no time did Coleman utilize the **internal Boeing processes** by filing a complaint with management, Human Resources or the Boeing EEO Office, regarding any EEO related concerns." Boeing knew or should've known that the responsibilities to report any form of discrimination that may violate the EEO policy is the Manager or HR's responsibility to report any **conduct** or allegation that may violate the EEO policy. Boeing knew or should've known about my utilization of the ADR process and my several Emails to HR and my manager's boss Craig King or his assistant, before making that statement. I believe this is a false exculpatory statement.

7

18. In a opportunity to show good faith Boeing Statement in Paragraph E mentions my challenge to my last two pay increases but failed to make the EEOC aware of their internal ADR process (case # 635350, 589483, and 623471) which I had filed for those specify reasons. Boeing knew or should've known 2 of the ADR's were pending.

19. In Paragraph E Boeing statement to the EEOC seems to give the appearance I wasn't using any internal company processes in place which Boeing knew or should've known I was using the ADR process and Boeing knew or should've known their EEO policy places the responsibilities on the Manager or HR to report any conduct or allegations that may violate the EEO Policy.

20. In Paragraph E Boeing statement to the EEOC seems to give the appearance I wasn't using any internal company policy or processes in place and there was no basis for retaliation, in Paragraph C Boeing acknowledges EEO factors, including sex, and applies to all terms and conditions of employment, including Performance Reviews and Corrective actions, and Boeing failed to mention the ADR's I had on file, which were pending at the time, My Schedule meeting with Craig King about the managers and the Corrective Actions that transpired during that time, which Boeing knew or should've known those reasons could be the basis for retaliation against me.

21. In a opportunity to show good faith Boeing's disclosures of documents to the EEOC, Boeing failed to provide the ADR's documentation to the EEOC which violates Preservation of records made or kept 29 CFR 1602.14.

22. In a opportunity to show good faith Boeing's disclosures of documents to the EEOC, Boeing failed to provide my Emails between myself and HR Lindsey Snell from July 2014 to October 2014.

23. In a opportunity to show good faith Boeing's disclosures of documents to the EEOC, Boeing failed to provide my Emails between myself and Craig King's Assistant from July 2014 to October 2014.

24. In a opportunity to show good faith Boeing's disclosures of documents to the EEOC, Boeing failed to provide my Emails between myself and the ADR Case Manager Shelley De'Jesus from July 2014 to October 2014.

25. In a opportunity to show good faith Boeing's disclosures of documents to the EEOC, Boeing failed to provide all PIP weekly reviews documents from the start of 9-12-2014 to 10-29-14 my termination date.

26. In a opportunity to show good faith Boeing's disclosure of documents to the EEOC, Boeing failed to provide my ADR's for case # 589483, 623471, and 635350, I believe this violated 29 CFR 1602.14.

27. In the Boeing Policy Employee Corrective Action Process Requirements (ECAPR) Pg 16 of the Violation Matrix. As listed across the Top Columns of each page of the Violation Matrix are the following; Violation, EITS Code, Reference, Definition and ECA Level, Mitigating and Aggravating Factors. The Violation for **Failure to Comply** is an EITS CODE 3E, Defined as Failure to follow documented policies, procedures, or processes that have been previously communicated. Failure to follow instructions, perform designated work, or act or cease to act after being instructed or reminded and is **usually results in a written warning,** the Mitigating: none presently identified. Aggravating: disrupts production; confrontational or argumentative; repetitive. *Note(Cynthia Brewster (black female over 40) first Employee Corrective Action(ECA) in October 2014 was a verbal warning for this charge despite the Boeing policies to ensure consistency), while My (black male 30 yrs old) first ECA was a Written warning for a different charge which is still a usually written warning)*

28. In the Boeing Policy Employee Corrective Action Process Requirements (ECAPR) Pg 19 of the Violation Matrix. As listed across the Top Columns of each page of the Violation Matrix are the following; Violation, EITS Code, Reference, Definition and ECA Level, Mitigating and Aggravating Factors. The Violation for Unauthorized Performance of Work is a EITS CODE 3G, with no Reference, Defined as The performance of work without proper authorization, and **Usually a Written Warning**, Mitigating: where employee believed authorization was in effect based on previously accepted practice; minimal impact. Aggravating: personal gain. *Note(My (black male 30 yrs old) first ECA on 3-24-14 was a Written warning for a this charge which is still a usually written warning, while Cynthia Brewster (black female over 40) received a verbal warning despite the usually written warning in the ECAPR violation matrix.*

29. A similarly situated person is one whose employment situation is nearly identical in all relevant aspects to that of the complainant. See, e.g., Payne v. Illinois Central Railroad, 665 F. Supp. 1038, 1043 (W.D. Tenn. 1987); O'neal v. Postmaster General, USPS, EEOC No. 05910490, 92

FEOR 3011 (July 23, 1991). *Cynthia Brewster (black female over 40) and I (black male 30 yrs old) were similarly situated because we had the same chain of command and the Boeing Policy 1909 and ECAPR are policies* that ensure that a uniform ECA process will be applied enterprise-wide using the ECA Process Requirements (ECAPR), Brewster should've received a written warning on her first Corrective action as I did but she didn't. I believe this was unequal terms and condition of employment, sex discrimination, and disparate treatment towards me by Jeff Stein (white male possibly under 40 yrs old) and Simone Cobbett (white female possibly over 40 yrs old) which violated the Boeing EEOC policy.

## Boeing filed an untimely response to my Original Complaint

1. I received mail from the US Marshall Service which was red stamped envelope dated 8-2-16 which stated they serviced Boeing on 7-8-16.

2. Days later, I received mail again from the US Marshall Service, with another red stamped envelope dated 8-5-16, which contained a **CORRECTED COPY** of the same service of process form which crossed through the Original July 8th 2016 date of process, and wrote in July 15th 2016 date.

3. Someone prompted the US Marshall to Correct the Date on the proof of service form.

4. I reasonable question this fact, and bring this to the Courts attention, because Boeing did file their answer on 8-2-16, by which this was untimely according to Rule 12 (a)1(A)1 of the Federal Rules of Civil Procedure not within 21 days and Boeing didn't request for more time.

5. The Corrected copy dated July 18th 2016 gives the appearance the Defendant's answer is timely, which would avoid a default, my Complaint for damages, and my Rule 12 defenses and objections to the untimely answer, which I believe would've entitled me to a Motion for a Judgment on the (original) Pleadings, Summary Judgement, or Default Judgement.

6. I believe Boeing is responsible for the Managers (Ratliff, Stein, Hardy and Cobbett) constant misapplication of Company policies acting on behalf of the company in their role as agents of the Company *(Pro1909 Sect M 2 (d))*. I believe Boeing is responsible for Managers and HR actions and omissions which violated my protected rights under Title VII Race, Sex, Retaliation unequal terms and condition of employment, and Disparate treatment, 42 U.S.C. 1981, 1983, 1985(3), 1986, and Cat's Paw doctrine.

## 2nd Defendant Dallas Ratliff (white male over 40 yrs old)

1. I believe around October 2013, Dallas Ratliff (white male, about 65yrs old, my manager) didn't followed the Boeing Policy Performance Management because both the IRCSC business goals

were still on the Performance Manager Review (PMR) when I was assigned to Darren Hardy (white male, about 53, my manager) who became my manager in the beginning of 2014, I had made Dallas Ratliff aware of this issue.

2. When I filed the ADR (case # 589483) in October this made Dallas have to re-due the PM review, by this time he was upset at the ADR process and he refuse to make any changes despite this being an action item after leaving the ADR meeting. Since Dallas Ratliff didn't bring any documents I got with an Industrial Engineer (IE) to gather my times, but this PM review was transferred to another Manager who I never seen before. The New Manager didn't agree with the IE's report so I choose to move to the next step in the ADR process. This was a pending items

3. In March 2014, Dallas still gave me a PM review with no documentation or any ongoing reviews to support he decision so again I filed another ADR, which made 2 ADR's pending.

4. I believe Dallas Ratliff choose not to follow the Boeing Policies and delegate his PM responsibilities on other managers which is prohibit.

5. During my ADR for case # 589483 Dallas Ratliff delegated another Senior Manager who I had never seen before to complete his Step 2 of ADR for the Performance Review Challenge.

6. Ratliff has the ability to understand the difference in the company's policy and his individual feeling towards the ADR challenges I posed to his misapplication of company's policy. I believe Ratliff let his racial prejudices determine that even if I a black male was correct about his misapplication of company policy he still wasn't going to change his original decision.

7. I believe Dallas Ratliff is liable for his actions and omission which I believe violated my protected rights under, 42 U.S.C 1981, 1983(5), 1985, 1986 and The Cat's Paw Doctrine.

### 3rd Defendant Darren Hardy (white male over 40 yrs old)

1. In August 2014 Darren didn't bring any documentation to the PM review either, He and I also didn't having any routine reviews because of his special assignment.

2. I believe Darren had two desk at that time one in the area and the other by C line by the break room and I believe Ryan Trecy was the acting manager at the time.

3. He was on some special assignment the majority of the time he was my manager, but somehow he did my review and he didn't annotate any of his multiple sources for the feedback.

4. Darren knew about the prior ADR (case # 589483) because I had to let the acting manager know whenever I had an ADR meeting. I challenged his application of company's policy as well, because there were no routine reviews taking place leading up to the PM review. Ryan Trecy was the acting manager, and Darren had no practical knowledge of what was doing in the area or for any team members.

5. I believe he relied on what was told to him from Ryan Trecy, and didn't do his own independent investigation to fact check his sources.

6. This time instead filing an ADR, I tried a different approach by talking with the Superintendent Craig King to see if I could get some faster results this way.

7. He was very busy I had to schedule meeting with him through his assistance whenever he was available.

8. This was also a pending conversation because we may had met twice, but we never concluded because of time and then I was terminated.

9. Darren Hardy did my finally PM review after the termination, On the Business Goals and Objectives Section 1. Safety he reported a 1 doesn't meet, however while I was employed I believe the EI team did at least exceed expectations (EEX) or meets expectations (MEE). This particular rating would've been uniform across the EI team unless there were incident, near miss or injuries to that team member. I believe this was an arbitrary and caprices entry as he has done in the past with me.

10. Darren Hardy did my finally PM review after the termination, On the Business Goals and Objectives Section 1 Morale, he reported a 1 doesn't meet, however this should've least been a MEE because I was the primary Scribe on our EI team at the time. I believe this was an arbitrary and caprices entry as he has done in the past with me.

11. Darren Hardy did my finally PM review after the termination, On the Business Goals and Objectives Section 1, he reported a 1 doesn't meet, for an additional goal I created for myself which I did complete, by Training a Contractor Mike Tobler to do my Bar line and I was move to another bar-line, which he acknowledged in Section 5 Manager Interim Manager Comments. I believe this was an arbitrary and caprices entry as he has done in the past with me.

12. Darren Hardy did my finally PM review after the termination, Performance Values, he reported a 1 doesn't meet, however he was hardly ever in the EI meetings or in the area to have any

knowledge of this, I believe this was an arbitrary and caprices entry as he has done in the past with me.

13. Darren Hardy was my assigned Manager at the time while I was reporting to Jeff Stein. If there was a Corrective Action to be given Darren Hardy should've been given as I remember in previous years only the assigned manager gave the Corrective Actions to their own employees.

14. Darren Hardy was my assigned Manager at the time while I was reporting to Jeff Stein who issued me a Performance improvement Plan (PIP) without HR assistance.

15. Darren Hardy was my assigned Manager at the time while I was reporting to Jeff Stein who signed the Discharging Document.

16. I believe since Darren Hardy was on a special assignment working away from his team, he still is responsible for the actions of other managers because he knew or should've known about the reporting Manager Jeff Stein wasn't following the Boeing policies toward Hardy's employees.

17. Hardy either known or should've about the Boeing's EEO policy and Managers and HR responsibilities to report discriminatory conduct.

18. I believe Darren Hardy choose not to follow the Boeing Policies and put his responsibilities on other manager.

19. He had the ability to understand the company's policy and do his own independent research as necessary before reporting the finally review and the previous reviews.

20. I believe Darren Hardy discrimination came by not following the company's policy for the Performance reviews.

21. We never had ongoing reviews on my work performance throughout the year as the policy states, I believe this was also a retaliation of all the information reported to him the other managers because of my race.

22. I believe Darren Hardy is liable for his actions and omission which I believe violated my protected rights under, 42 U.S.C 1981, 1983(5), 1985, 1986 and The Cat's Paw Doctrine.

**4th Defendant Jeff Stein (white male possibly under 40 yrs old)**

1. I started reporting to Jeff Stein in September 2014, but I worked in the same area and Darren Hardy was still my assigned Manager. On September 12th Stein issued a Performance Improvement plan (PIP) without ever giving me any type of PM review, Manager's tips, or anything to indicate that I wasn't performing well as he wanted since I only started reporting to him in September, I believe this violated ECAPR section 4.2.1.

2. Jeff Stein (White male, around the age 36, my reporting Mgr) and Simone Cobbett (White female, about 42 yrs old, my Senior Mgr) did the PIP without HR's assistance which violated ECAPR Section 4.2.1.

3. Stein had to be following the PM review from Darren Hardy in August without his own independent investigation, which I believe this was a part of synchronized plan to get me terminated because he had no need to have any prior knowledge of my work duties before September.

4. I believe this was collective effort amongst the Managers to make sure I wouldn't get any ADR's completed or finish the conversation with Craig King (their boss Hardy, Stein, and Cobbett).

5. I refused to sign the PIP which Stein and Cobbett had put together because I didn't know why he was putting on me a PIP, because I just started reporting to Stein in September and with him being new to the Team.

6. Stein or Cobbett never once coached me any of the 11 days leading to the PIP nor did I meet with Lindsey Snell (HR) during that time about my work performance (please see ADR case # 623471).

7. I believe Stein (Mgr) and Cobbett (Sr. Mgr) were going to make sure I was terminated by the end of the 30 days for the PIP, the PIP was set at a Far exceeds standard which is a Top performance. (see ADR case # 623471)

8. I was placed on a PIP without any prior notice being provided to me, without the assistance of HR Lindsey Snell but only by my reporting Manager Jeff Stein and the Senior Manager Simone Cobbett.

9. Stein and Cobbett made it very clear if I didn't complete the Far Exceeds standards they had set forth I would be disciplined further up to and including termination, which I believe violates the S.M.A.R.T. principles in general, but more specify the A for Achievable which means "Provides a motivational stretch that is a challenge to accomplish but not impossible to reach".

10. As I meet with Stein weekly I was trying to do my best to complete it, he and Cobbett noticed it, and during the PIP they cut all the times on the jobs in half without doing a time study by Industrial Engineer (IE).

11. I told HR Lindsey Snell (White Female, about 43yrs, HR) about the change during the PIP, I also asked her if she would please to come the PIP meetings because I felt I was being treated unfairly. She came to 1 meeting once and told Stein he couldn't change the times during the PIP, so had to restart the PIP over or extend the PIP.

12. Once the times were cut in half, this stressed me out and I was always rushing now, because I feared I was going to lose my job (please see ADR case # 623471).

13. On 10-22-14, because of PIP time cuts, I was rushing through the morning and I forgot to check out a tool kit which ultimately got me fired for failure to comply charge in the ECAPR violation matrix.

14. During the termination Lindsey Snell and Jeff Stein gave me an ADR pamphlet, and the Discharging Document not the EEO Policy.

15. Stein also didn't follow the company's policy which applies to all employees, despite age and sex/gender by giving two different Corrective actions for the same incident, despite usually is a written warning for a failure to comply, Stein gave a verbal warning to an older age (over 40) female despite the ECAPR violation matrix usually written warning.

16. In the Boeing Policy Employee Corrective Action Process Requirements (ECAPR) Pg 16 of the Violation Matrix. As listed across the Top Columns of each page of the Violation Matrix are the following; Violation, EITS Code, Reference, Definition and ECA Level, Mitigating and Aggravating Factors. <u>The Violation for Failure to Comply is an EITS CODE 3E</u>, Defined as Failure to follow documented policies, procedures, or processes that have been previously communicated. Failure to follow instructions, perform designated work, or act or cease to act after being instructed or reminded and is **<u>usually results in a written warning,</u>** the Mitigating: none presently identified. Aggravating: disrupts production; confrontational or argumentative; repetitive. *Note(Cynthia Brewster (female over 40) first ECA was a verbal warning for this charge despite the Boeing policies to keep consistency), while My first ECA was a Written warning for a different charge which is still a usually written warning)*

17. In the Boeing Policy Employee Corrective Action Process Requirements (ECAPR) Pg 19 of the Violation Matrix. As listed across the Top Columns of each page of the Violation Matrix are the

following; Violation, EITS Code, Reference, Definition and ECA Level, Mitigating and Aggravating Factors. <u>The Violation for Unauthorized Performance of Work is a EITS CODE 3G, with no Reference</u>, Defined as The performance of work without proper authorization, and **<u>Usually a Written Warning</u>**, Mitigating: where employee believed authorization was in effect based on previously accepted practice; minimal impact. Aggravating: personal gain. *Note(My first ECA on 3-24-14 was a Written warning for a this charge which is still a usually written warning, while Cynthia Brewster (female over 40) received a verbal warning despite the usually written warning in the ECAPR violation matrix.*

18. Stein either known or should've about the Boeing's EEO policy and Managers and HR responsibilities to report discriminatory conduct.

19. I believe Stein is liable for his actions and omission which I believe violated my protected rights under, 42 U.S.C 1981, 1983(5), 1985, 1986 and The Cat's Paw Doctrine.

## 5th Defendant Simone Cobbett (white female possibly over 40 yrs old)

1. I believe Simone Cobbett used her position and influence as Senior Manager over Jeff Stein and he willingly complied without the consideration of the Company's policies.

2. I believe Cobbett (Sr. Mgr) and Stein (Mgr) were going to make sure I was terminated by the end of the 30 days for the PIP, the PIP was set at a Far exceeds standard which is a Top performance. (see ADR case # 623471)

3. I was placed on a PIP without any prior notice being provided to me, without the assistance of HR Lindsey Snell but only by my Senior Manager Simone Cobbett Manager and reporting Jeff Stein.

4. Cobbett and Stein made it very clear if I didn't complete the Far Exceeds standards they had set forth I would be disciplined further up to and including termination, which I believe violates the S.M.A.R.T. principles in general, but more specify the A for Achievable which means "Provides a motivational stretch that is a challenge to accomplish but not impossible to reach".

5. As I meet with Stein weekly I was trying to do my best to complete it, he and Cobbett noticed it, and during the PIP all the times on the jobs were cut in half without doing a time study by Industrial Engineer (IE) on all the jobs.

6. Cobbett either known or should've known that she and Stein were not supposed to do the PIP together and without the assistance of HR *(violating ECAPR section 4.2.1)*

7. Cobbett either known or should've about the Boeing's EEO policy and Managers and HR responsibilities to report discriminatory conduct.

8. I believe Simone Cobbett discriminated against me by using her position and influence over Jeff Stein to create the PIP which was set at an intimidating standard for a guy whom they already said was failing to perform. She as Senior Manager operated with a total disregard for the Company's polices dealing with the PIP towards me. I believe PIP was created at such a standard because of my race, to indirectly intimidate or abusive me within the work environment, cause a disparate impact and disparate treatment towards me. I believe Simone Cobbett actions and omissions violated my protected rights under Title VII, 42 U.S.C. 1981 and Cat's Paw doctrine.

## 6th Defendant Lindsey Snell (white female possibly over 40 yrs old)

1. I believe Lindsey Snell (HR) should've made Stein and Cobbett aware of the conditions that must've been met before issuing the PIP without HR assistance, which would violated Section 4.2.1 of the ECAPR.

2. Snell should've taken noticed of Stein and Cobbett conduct to construct a PIP without meeting the conditions of Section 4.2.1 of the ECAPR, I brought the issue to her attention, about Stein and Cobbett cutting the times on the Jobs in half during the PIP, which this violated consistency in the company policy Pro 1909 and ECAPR.

3. I asked Snell to come to the PIP meetings because I felt I was being treated unfair by Stein and Cobbett, Snell only attended 1 of the meetings, before I was terminated I believe I had 2 more meeting up to my termination.

4. There was no indication Snell made Stein and Cobbett aware of their misapplication of company policies towards me, and Stein and Cobbett conduct towards me may violate the EEO Policy.

5. Snell didn't correct or advise Stein, during her review of Stein Corrective Action, he shouldn't charge 2 different Correction Actions (a verbal to Cynthia Brewster a female older 40 and written warning to Carlos Coleman a male under 40) for the same incident for a Male and Female.

6. Snell didn't correct or advise Stein, during her review of Stein Corrective Action, he should have followed the ECAPR violation matrix with Pro 1909 for both employees to maintain consistency.

7. Snell knew or should've known about the Boeing's EEO policy and the Managers and HR responsibilities to report any discriminatory conduct that may violate the EEO policy.

8. I believe Lindsey Snell either knew or should've known something was going on with Stein and Cobbett after the PIP being issued without her assistance.

9. I believe she let them discriminate toward me, harass and intimidated me, by the use of misapplied company policy, which created an abusive work environment for me.

10. She either knew or should've known about her responsibility to report any conduct that may violate the EEO Boeing Policy.

11. I believe Snell a white female allowed Stein a white male and Cobbett a white female to discriminate and retaliate towards me because my race a black male.

12. I believe Lindsey Snell actions and omissions violated my protected rights is liable for his actions and omission which I believe violated my protected rights under, 42 U.S.C 1981, 1983(5), 1985, 1986 and the Cat's Paw Doctrine.

In closing I have mitigate duties to the best of my abilities since I was terminated, but have been separated for my family for out of town employment when employment is available. I believe all the individuals I named in this complaint were all involved in the direct or indirect discrimination for their specific actions toward me, misapplication of company policies, and All of them being white, all being decision makers and none of them (Hardy or Snell) brought forth any EEO conduct complaint that may violate any EEO factors. I believe since all of the individuals are white, they saw me as inferior and they didn't have to follow the company policies.

> *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge *and or Questionnaire* with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

August 18th and or May 5th 2016

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

■    issued a Notice of Right to Sue letter, which I received on *(date)* <u>February 05 2016</u>

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

### 1st Defendant The Boeing Company

1.  I am entitle to the amount $3,000,000 pursuant to SC Code 15-32-210 (3) Economic Damages and (9) Non-Economic Damages.

a.  Loss of earning and earning capacity; with the Boeing Company for Me, my Family and the generations to come. 500,000$.

b.  Loss of Business or Employment Opportunities; with the Boeing Company for Me, my Family and the generations to come. 500,000$.

c.   Loss of income and Loss of Employment; I was discharged by the use of misapplication of Company Policies, 400,000$.

d.  Loss of Retirement; I believe my retirement would've been at least 400,000 or better by my retirement age because I invested in slow and steady markets, I made money every year and I vested from 8-25% of my bi-weekly checks during my employment at Boeing.

e.   Inconvenience; The Discriminatory Discharge caused me a great inconvenience because once I started working again I had to leave my family in Charleston while I went on the road to try to migrate the damages as best I could. This help drive a wedge between my Family and I because I was not being there to be able to comfort them whenever they needed me. 500,000 $

f.   Mental Anguish, Emotional Distress, and Fear of the Loss of Livelihood; I also suffered emotional distress cause by family members talking bad about me not having my job anymore, I didn't feel comfortable talking to anyone I met from Boeing because everybody who I knew known I was discharged from a good job and great career. My very basic structure life was disassemble by the discriminatory acts in a matter of months. 700,000$

g.   I am further entitled to damages Under 42 USC 1981a in damages or as the Jury or Court may allow.

h.   I pray for Punitive damages as the Jury or Court may allow.

## 2nd Defendant Dallas Ratliff (white male over 40 yrs old)

1.   Wherefore, I seek 1/4th of his current gross salary in damages or as the Jury or Court may allow, and I pray for Punitive damages as the Jury or Court may allow.

## 3rd Defendant Darren Hardy (white male over 40 yrs old)

2.   Wherefore, I seek 1/4th of his current gross salary in damages or as the Jury or Court may allow, and I pray for Punitive damages as the Jury or Court may allow.

## 4th Defendant Jeff Stein (white male possibly under 40 yrs old)

3.   Wherefore, I seek 1/4th of his current gross salary in damages or as the Jury or Court may allow, and I pray for Punitive damages as the Jury or Court may allow.

## 5th Defendant Simone Cobbett (white female possibly over 40 yrs old)

4.   Wherefore, I seek 1/4th of his current gross salary in damages or as the Jury or Court may allow, and I pray for Punitive damages as the Jury or Court may allow.

## 6th Defendant Lindsey Snell (white female possibly over 40 yrs old)

5.   Wherefore, I seek 1/4th of his current gross salary in damages or as the Jury or Court may allow, and I pray for Punitive damages as the Jury or Court may allow.

Or I would accept a job back with the company in a field I desired with a rate of 40$ per

hour, 500,000$ for the discrimination I received, refunding my 401k back to 80,000$, and make 10 people of my recommendation hirable or rehire-able.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _12- 15_ , 2016.

Signature of Plaintiff     _Carlos Colm_

Printed Name of Plaintiff     CARLOS COLEMAN

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S AMENDED COMPLAINT has been served upon the following counsel of record by placing the same in the United States mail, first class postage prepaid, addressed as shown below on the December 15, 2016.

Cherie W. Blackburn
Nexsen Pruet, LLC
205 King Street, Suite 400 (29401)
Po Box 486
Charleston, South Carolina 29402
Telephone: 843-577-9440

Attorney for the Boeing Company

Carlos Coleman, Pro se
Po Box 40606
N. Charleston SC 29423
Phone: 843-801-5269