# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| CARLOS COLEMAN, | ) | C.A. No.: 2:16-CV-1451-DCN-MGB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT & RECOMMENDATION |
| THE BOEING COMPANY, DALLAS | ) | AND ORDER |
| RATLIFF, DARREN HARDY, JEFF STEIN, | ) | |
| SIMONE COBBETT, LINDSEY SNELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma paureris*, brought the instant employment action on or about May 5, 2016. (*See generally* Dkt. No. 1.) Now before the court is the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. No. 76.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge. For the reasons stated herein, the undersigned recommends the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint be granted. Additionally, the Plaintiff's Motion to Strike the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint is denied.

## **Procedural History**

Plaintiff, proceeding *pro se*, filed the instant employment action on or about May 5, 2016, against the Boeing Company alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §2003 *et seq*., ("Title VII") . (Dkt. No. 1.) Since that time, there have been numerous motions filed by the parties regarding discovery. On October 14, 2016, the Plaintiff filed Plaintiff's Motion to Amend Pleading. (Dkt. No. 40.) Boeing opposed the motion

on the grounds that the motion was untimely, futile, and prejudicial. (Dkt. No. 48.)  On

November 29, 2016, this court ordered the Plaintiff to file a proposed amended complaint with

all claims against all Defendants in one document. (Dkt. No. 53.) The Plaintiff complied with

this Order and filed his proposed amended complaint on December 20, 2016. (Dkt. No. 64.)

Boeing again filed a response opposing amendment of the complaint on the same grounds. (Dkt.

No. 69.) On January 9, 2017, this court issued the following Text Order:

> TEXT ORDER granting 40 Motion to Amend/Correct. The Plaintiff's Motion to
> Amend the Complaint is hereby granted. When ruling on a motion to amend a
> complaint, "leave should be freely granted, and should be denied only where
> 'good reason exists..., such as prejudice to the defendants.'" *Franks v. Ross*, 313
> F.3d 184, 198 n. 15 (4th Cir. 2002) (quoting *Walker v. United Parcel Serv*., 240
> F.3d 1268, 1278 (10th Cir.2001)). While several of the Plaintiff's claims may be
> futile, this court finds that a motion to dismiss would be the best way to deal with
> these claims rather than the present motion. The Clerk of Court is directed to file
> Docket Number 64 as the Amended Complaint. Entered at the direction of
> Magistrate Judge Mary Gordon Baker on January 9, 2017.

(Dkt. No. 70.)  This court reasoned that a motion to dismiss was more appropriate to comb

through the amended complaint because the amended complaint sought to add numerous claims

and parties.

The Amended Complaint added Dallas Ratliff, Darren Hardy, Jeff Stein, Simone

Cobbett, and Lindsey Snell as Defendants and added claims for racial discrimination under Title

VII; claims under 42 U.S.C §§ 1981, 1982, 1985, 1986; claims under 29 CFR § 1602.14; claims

under the Cat's paw doctrine; and state law. (Dkt. No. 74.)  The Defendants filed the present

motion on January 20, 2017.  On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible

consequences if he failed to adequately respond to the motion.  (Dkt. No. 78.)  The Plaintiff

responded to the Motion on February 6, 2017. (Dkt. No. 85.)

## **Alleged Facts**

The allegations in the Amended Complaint are organized by Defendant. (Dkt. No. 74.) The Plaintiff alleges that Boeing is responsible for the actions of the individual Defendants, all of whom were employees of Boeing at the times relevant to the Amended Complaint. (Dkt. No. 74 at 5-10.) The Plaintiff alleges that Boeing did not provide complete or correct information to the Equal Opportunity Employment Commission ("EEOC"). (*Id.*) The Plaintiff alleges that Boeing's responses to the EEOC were false and misleading. (*Id.*) The Plaintiff, "a black male 30 [years] old," alleges that he was disciplined differently than Cynthia Brewster, "a black female over 40," by Boeing.[1] (*Id.* at 9-10.)

The Plaintiff alleges that Dallas Ratliff is a white male about 65 years old and was his former manager. (Dkt. No.74 at 10-11.) The Plaintiff alleges that Ratliff violated Boeing policies in numerous ways including performance management reviews and handling disputes filed by the Plaintiff. (*Id.*)

The Plaintiff alleges that Darren Hardy is a white male over 40 years old and was his former manager. (Dkt. No.74 at 11-13.) The Plaintiff alleges that Hardy was his manager in 2014. The Plaintiff alleges that Hardy reviewed his final performance reviews following the Plaintiff's termination. (*Id.*) The Plaintiff alleges that Hardy was away performing special projects for much of the time he managed the Plaintiff and was busy. (*Id.*) The Plaintiff alleges Hardy breached Boeing policies and that Hardy failed to have ongoing performance reviews with the Plaintiff. The Plaintiff believes the failure to give him performance reviews was to retaliate against him because of his race. (*Id.* at 13.)

---

[1] Although the Plaintiff includes ages in his allegations, he does not include any claims of age discrimination.

The Plaintiff alleges that Jeff Stein is a white male possibly under 40 years old and the Plaintiff reported to him in September, 2014. (Dkt. No.74 at 13-16.) The Plaintiff alleges that Stein placed the Plaintiff on a Performance Improvement Plan ("PIP") without ever reviewing the Plaintiff's performance with the Plaintiff. (*Id.*) The Plaintiff alleges the PIP was done without Human Resources' assistance, which was in violation of Boeing policy. The Plaintiff alleges that Defendants Stein and Cobbett placed him on the PIP with the intent to fire him because the requirements of the PIP were unreasonably high. (*Id.*) The Plaintiff alleges that Stein changed the goals of the PIP after the PIP was already in place, which violated Boeing Policy. (*Id.*) The Plaintiff alleges he was stressed and rushed his work because of the PIP. This led to his failure to check out a tool kit, which led to his termination. (*Id.* at 15.) The Plaintiff alleges that the "charge" he received for failing to check out a tool kit "usually results in a written warning." (*Id.* at 15.) The Plaintiff alleges that his termination was against Boeing policy and constituted disparate treatment compared to the discipline of Cynthia Brewster. (*Id.* at 15-16.) Brewster received a verbal warning for the same charge. (*Id.*) The Plaintiff alleges he should have received a written warning. (*Id.*)

The Plaintiff alleges that Simone Cobbett is a white female possibly over 40 years old and was the senior manager over Jeff Stein when the Plaintiff was placed on a PIP and terminated. (Dkt. No.74 at 16-17.) The Plaintiff alleges that the PIP was created at such a high standard because of his race. (*Id.*) The Plaintiff alleges that Cobbett was liable for all of the actions of Stein and that she violated Boeing policies. (*Id.*)

The Plaintiff alleges that Lindsey Snell is a white female possibly over 40 years old and worked in Human Resources at Boeing when the Plaintiff was placed on a PIP and terminated. (Dkt. No.74 at 17-18.) The Plaintiff alleges that Snell should have "noticed" the conduct of

Stein and Cobbett regarding the Plaintiff being placed on a PIP without Human Resources'

assistance and then having the standards of the PIP changed once he was placed on it. (*Id.*) The

Plaintiff asked Snell to attend his weekly meetings with Stein to review his PIP progress. (*Id.*)

Snell only attended one of the meetings. (*Id.*) The Plaintiff alleges that Snell violated Boeing

policies. (*Id.*)

## Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it

does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v.

Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court]

must determine whether it is plausible that the factual allegations in the complaint are 'enough to

raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir.

2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v.

Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual

allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering

a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and

view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v.

McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7

F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences

in favor of the plaintiff, it need not accept the "legal conclusions drawn from the

facts,…unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

A *pro se* complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## Analysis

The Plaintiff's Amended Complaint brings causes of action under Title VII for race discrimination, gender discrimination, and retaliation; 29 CFR § 1602.14; 42 U.S.C. §§ 1981, 1983, 1985(3), 1986; and S.C. Code §§ 1-13-20, 1-13-80. (Dkt. No. 74.) In the Partial Motion to Dismiss, the Defendants seek to dismiss "pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure: (1) race discrimination in violation of Title VII; (2) violation of 29 CFR § 1602.14; (3) violation of 42 USC §§ 1981, 1983, 1985(3), and 1986; (4) violation of the Cat's paw doctrine; and (5) violation of S.C. Code Ann. §§ 1-13-20 and 1-13-80." (Dkt. No. 76.)

1. **Title VII Claims**

The Defendants argue that this court does not have jurisdiction of the Plaintiff's Title VII race discrimination claims because he did not exhaust his remedies before the EEOC and Title VII does not support a cause of action against individuals.[2]  This court agrees.

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).  The Fourth Circuit has characterized the exhaustion of administrative remedies in Title VII claims to be a jurisdictional requirement and subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *Agolli v. Office Depot, Inc.*, 548 F. App'x 871, 875 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1920 (2014) (citing *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013)).  Only acts occurring within the 300 days prior to the filing of the EEOC charge are actionable under Title VII.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Filing a charge with the EEOC serves the functions of notifying the alleged offending party of the claims and allowing that party to voluntarily comply with Title VII in the proceeding before the EEOC.  *Balas*, 711 F.3d at 407.  The EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." *Id.*

---

[2] The Defendants have not moved to dismiss the Plaintiff's Title VII claim against Boeing for gender discrimination and retaliation.

The EEOC charge limits the scope of any subsequent Title VII lawsuit to only the allegations contained in the charge. *Id.* (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir.1996)). EEOC charges must be read by courts with the "utmost liberality." *Id.* at 408 (internal citations and quotations omitted.) However, courts "are not at liberty to read into administrative charges allegations they do not contain." *Id.* If a party alleging discrimination finds that their EEOC charge is incomplete, the proper recourse is an amended EEOC charge, not federal court. *Id.* "If the plaintiff's Title VII claims exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* at 407 (internal citations and quotations omitted).

The Plaintiff's Charge alleged discrimination based on sex[3] and retaliation. (Dkt. Nos. 1-1 at 5.) The Charge indicated discrimination based on race and retaliation[4] both in the "check the box" portion of the form and in the narrative portion. (*Id.*) The Fourth Circuit has held that "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis-such as race-and he introduces another basis in formal litigation-such as sex." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Under the most liberal reading, the Charge does not mention race discrimination. (Dkt. Nos. 1-1 at 5.) The Plaintiff claims in his Amended Complaint that he was subject to sex and race discrimination in violation of Title VII. (Dkt. No. 74.) This court does not have subject matter jurisdiction over

---

[3] The EEOC Charge uses the term "sex" discrimination. For the purposes of this Report & Recommendation and Order, the terms sex and gender discrimination are used interchangeably.

[4] The Charge stated that the Plaintiff was retaliated against because he complained about his two previous pay raises. (Dkt. No. 1-1 at 5.) The Charge did not allege any retaliation for complaints related to race or sex discrimination.

his racial discrimination claims because they were not administratively exhausted. Therefore this court recommends the Plaintiff's Title VII claims for race discrimination be dismissed for lack of jurisdiction.

Additionally, the Plaintiff states that he is bringing suit against Defendant Cobbett under Title VII. (Dkt. No. 74 at 17.) The Fourth Circuit has held that individuals cannot be held liable under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding "supervisors are not liable in their individual capacities for Title VII violations"); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (holding Title VII "do[es] not provide for causes of action against defendants in their individual capacities"); *Alford v. Wang, Inc.*, 11 F. Supp. 3d 584, 591 (D.S.C. 2014) ("In *Lissau,* the Fourth Circuit clearly rejected the notion of individual liability under Title VII."). Therefore, this court recommends that the Title VII claim be dismissed against Cobbett and any other individual defendant to the extent the Amended Complaint may be read to assert a Title VII claim.

## 2. **42 U.S.C. § 1981 Claims**

The Plaintiff brings claims under §1981 against all Defendants. (Dkt. No. 74.) The Defendants argue that the Plaintiff has not alleged sufficient facts to state a claim under 42 U.S.C. § 1981. (Dkt. No. 76-1 at 9-10; 12-13.) Section 1981 states, in relevant part, that "[a]ll persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens." 42 U.S.C § 1981. "[S]ection 1981 provides protection against discriminatory conduct occurring during and after the formation of a contract." *Sherman v. Marriott Hotel Servs., Inc.*, 317 F. Supp. 2d 609, 614 (D. Md. 2004) (*quoting Callwood v. Dave & Buster's, Inc.*, 98 F.Supp.2d 694, 703 (D.Md.2000)). To state a claim under § 1981 "a plaintiff must ultimately

establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 434 (4th Cir.2006). To state a claim of discrimination under section 1981, the Plaintiff must allege the following three elements:

1. he or she is a member of a racial minority;
2. the defendant intended to discriminate on the basis of race; and
3. the discrimination concerned one or more of the activities protected by the statute.

*Devoux v. Baird*, No. 5:12-CV-01406-GRA, 2014 WL 1767477, at *4 (D.S.C. May 1, 2014) (quoting *Buchanan v. Consolidated Stores Corp.,* 125 F.Supp.2d 730, 734 (D.Md.2001)).

The Plaintiff has pleaded that he is a member of a racial minority, but he has failed to allege that the Defendants intended to discriminate against him on the basis of race or that the discrimination concerned the contractual rights established by § 1981. To survive a motion to dismiss a claim brought under § 1981, a plaintiff must "allege facts sufficient to show that the Defendants identified intentionally discriminated against him on the basis of race concerning any of the activities enumerated in 42 U.S.C. § 1981(a)-(b)." *Pitts v. U.S. Dep't of Hous. & Urban Dev.*, 546 F. App'x 118, 120 (4th Cir. 2013) (citing *Spriggs v. Diamond Auto Glass,* 165 F.3d 1015, 1018 (4th Cir.1999) (noting that a § 1981 action must be "founded on purposeful, racially discriminatory actions")). Pleading that the plaintiff is one race, the defendants are another and that the defendants did not terminate members of their own race is conclusory and insufficient to state a claim under § 1981. *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009).

While a § 1981 claim does not require the pleading of a *prima facie* case, a plaintiff must show "he has a plausible claim to relief to allow the court to draw a reasonable inference that defendants are liable for the misconduct alleged." *Gregg-Wilson v. EFC Trade, Inc.*, No. 3:12-cv-2923-TLW, 2013 WL 5231489, at *4 (D.S.C. Sept. 13, 2013) *appeal dismissed Gregg-Wilson*

*v. EFC Trade Inc.*, 557 F. App'x 244, 245 (4th Cir. 2014) (citing *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009) (noting that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief")).

The Plaintiff alleges that he is black and all of the individual Defendants are white. The Plaintiff alleges several conclusory statements of his "belief" that the individual Defendants took actions based on his race. (*See e.g.* Dkt. No. 74 at 11 ¶ 6; 13 at ¶ 21; 17 at ¶8; 18 at ¶11.) The Plaintiff does not make any allegations beyond his "beliefs" that any Defendant discriminated against him based on race. The Plaintiff does not allege any specific action that would support his beliefs that he was subject to racial discrimination beyond the fact that he is black and the Defendants are white. The only comparator pointed to by the Plaintiff to demonstrate the alleged discrimination is Cynthia Brewster, a black female.

The Plaintiff has not alleged that any of his rights under § 1981 were violated. The Plaintiff has not alleged that he was deprived the right to "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C.A. § 1981.

While the PIP could possibly have altered the Plaintiff's at-will employment status, the Plaintiff has not alleged that the PIP created a contract in the context of § 1981. *See Staley v. Computer Scis. Corp.*, No. 3:13-cv-00280-MGL, 2014 WL 6473703, at *1 (D.S.C. Nov. 18, 2014) (granting summary judgment on the Plaintiff's breach of contract claims because "Plaintiff was an at-will employee under South Carolina law and Plaintiff failed to show any documents,

i.e., Employee Handbook, Offer Letter, or a Performance Improvement Plan ("PIP"), created a contractual obligation sufficient to alter that status"); *Pierce v. Office Depot, Inc.*, No. 0:13-cv-3601-MGL, 2014 WL 6473630, at *2 (D.S.C. Nov. 18, 2014) (finding magistrate judge properly analyzed the language of PIP and determined the PIP did not create a contract altering the at-will employment status). This court has examined the PIP, which was filed with the original Complaint. (Dkt. No. 1-3 at 50-53.) The PIP did not create an employment contract as there was no offer, no acceptance, and no consideration given. (*Id.*) The PIP merely laid out a set of benchmarks for the Plaintiff to meet. The PIP stated that "[f]ailure to successfully meet expectations documented in this performance improvement plan will result in a review for progressive employment action." (Dkt. No. 1-3 at 53.) Additionally, the Plaintiff refused to sign the PIP, further indicating the lack of offer and acceptance. (*Id.*; Dkt. No. 74 at 14.) The Plaintiff has not alleged a cause of action under §1981 and this court recommends the claims be dismissed as to all Defendants.

3.  **42 U.S.C § 1983 Claims**

The Plaintiff brings claims under 42 U.S.C § 1983 against all of the Defendants except Defendant Cobbett. (Dkt. No. 74.) In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir.

1980).  In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Plaintiff has failed to allege that any of the Defendants were acting under color of state law. The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (quoting *Blum,* 457 U.S. at 1004).

All of the allegations in the Amended Complaint regard the Plaintiff's employment at Boeing.  Boeing is not a state actor.  The Plaintiff has not alleged Boeing was a state actor. All of the individual Defendants were the Plaintiff's supervisors or co-workers.  The Plaintiff does not allege that any of the Boeing employees were state actors.  Therefore, this court recommends the Plaintiff's § 1983 claims be dismissed.

### 4.  <u>42 U.S.C §§ 1985 & 1986 Claims</u>

The Plaintiff alleges claims under 42 U.S.C §§ 1985(3) and 1986 against all Defendants except Defendant Cobbett. (Dkt. 74.)  The Plaintiff has failed to state a claim under §1985.  The Fourth Circuit has put forth a "relatively stringent standard for establishing section 1985 conspiracies."  *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).  To state a claim under § 1985(3), a Plaintiff must allege,

(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Id.* at 1376 (citations omitted). Additionally, the Plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Id.* at 1377. The Fourth Circuit has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotations omitted) (quoting *Simmons*, 47 F.3d at 1376).

The Plaintiff does not make sufficient allegations to satisfy *Simmons*. The Plaintiff alleges, "I believe this was a collective effort amongst the Managers" to cause the Plaintiff to fail and that there was a "synchronized plan to get [the Plaintiff] terminated." (Dkt. No. 74 at 14.) The Plaintiff only makes conclusory allegations. The Plaintiff does not state that any Defendants conspired against him. The Plaintiff does not allege any Defendant conspired with any other Defendant. He does not allege any "class-based, invidiously discriminatory animus." The only comparator the Plaintiff points to is an African-American female. This court recommends that the Plaintiff's § 1985(3) claims be dismissed as to all Defendants.

Section § 1986 imparts liability on individuals with knowledge of a conspiracy under § 1985, who have the power to stop the wrong, but neglect or refuse to stop the wrong. 42 U.S.C. § 1986. A claim under § 1986 is only viable where a proper § 1985 claim exists. *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984); *Wilkins v. Good*, No. 4:98-cv-233, 1999 WL 33320960, at *18 (W.D.N.C. July 29, 1999); *Roberts v. Bodison,* No. 2:14-cv-750-MGL-MGB at *13-14 (D.S.C. November 20, 2015) *report and recommendation adopted*, No. 2:14-cv-750-

MGL 2015 WL 9581756 (D.S.C. Dec. 30, 2015).   This court has recommended that no proper §1985 claim exists.  Therefore, this court recommends the Plaintiffs' claims brought under § 1986 be dismissed.

5. **29 CFR § 1602.14 Claims**

The Plaintiff alleges the Defendants violated 29 CFR § 1602.14. 29 CFR § 1602.14 is a federal regulation that requires employers subject to an EEOC charge of discrimination to preserve all personnel records relevant to the charge or action until final disposition of the charge or the action.  On its face, 29 CFR § 1602.14 does not create a private cause of action. *See Catoire v. Caprock Telecommunications Corp.,* No. 01-cv-3577, 2003 WL 21223258, at *2 (E.D. La. May 22, 2003) (holding that Plaintiff failed to state a claim under federal law for alleged spoliation of evidence in violation of 29 CFR § 1602.14).  Therefore, this court recommends that the Plaintiff's claims under 29 CFR § 1602.14 be dismissed.

6. **The Cat's Paw Doctrine**

The Plaintiff alleges that each of the Defendants violated his rights under the cat's paw doctrine.[5] (Dkt. No. 74.) The Defendants argue that the cat's paw doctrine is not a cause of action but only a theory of liability.  This court agrees with the Defendants.

---

[5] The Supreme Court summarized the origins of the cat's paw doctrine as follows:

> The term "cat's paw" derives from a fable conceived by Aesop, put into verse by La Fontaine in 1679, and injected into United States employment discrimination law by Posner in 1990. See *Shager v. Upjohn Co.,* 913 F.2d 398, 405(CA7). In the fable, a monkey induces a cat by flattery to extract roasting chestnuts from the fire. After the cat has done so, burning its paws in the process, the monkey makes off with the chestnuts and leaves the cat with nothing. A coda to the fable (relevant only marginally, if at all, to employment law) observes that the cat is

The Supreme Court described the Seventh Circuit's statement of the cat's paw doctrine as a theory of liability in employment cases where a plaintiff may hold an "employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision." *Staub v. Proctor Hosp.*, 562 U.S. 411, 415 (2011). In *Staub*, the Supreme Court held that the cat's paw doctrine applied to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), which the Supreme Court recognized is "very similar to Title VII." 562 U.S. at 417. The *Staub* Court held "that if a supervisor performs an act motivated by antimilitary animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA." *Id.* at 422 (footnotes omitted).

Neither the Supreme Court nor the Fourth Circuit has explicitly extended the cat's paw doctrine as a theory of liability under Title VII.[6] *See Ousley v. McDonald*, No. 1:12-cv-31, 2015 WL 1475703, at *12 (M.D.N.C. Mar. 31, 2015), *aff'd*, 648 F. App'x 346 (4th Cir. 2016) (holding *Staub* was not controlling in a Title VII case because *Staub* was limited to the USERRA, and even if the cat's paw doctrine were to govern Plaintiff's Title VII claim, the defendant would not be liable under the facts in the case). However, other circuits have consistently adopted the cat's paw doctrine as a theory of liability for a Title VII claim. *Vasquez v. Empress Ambulance Serv.*,

---

> similar to princes who, flattered by the king, perform services on the king's behalf and receive no reward.

*Staub v. Proctor Hosp.*, 562 U.S. 411, 416 n.1 (2011).

[6] The Fourth Circuit has extended the cat's paw doctrine as a theory of liability under the Federal Railroad Safety Act, 49 U.S.C. § 20109. *Lowery v. CSX Transportation, Inc.*, No. 16-1634, --- Fed.Appx. ----, 2017 WL 2304229 (4th Cir. May 26, 2017).

*Inc.*, 835 F.3d 267, 272 (2d Cir. 2016) (citing *Zamora v. City of Houston*, 798 F.3d 326, 332–33 (5th Cir. 2015); *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1069–70 (6th Cir. 2015); *Bennett v. Riceland Foods*, Inc., 721 F.3d 546, 551–52 (8th Cir. 2013); *Hicks v. Forest Preserve Dist. of Cook Cty., Ill.*, 677 F.3d 781, 789–90 (7th Cir. 2012); *McKenna v. City of Philadelphia*, 649 F.3d 171, 180 (3d Cir. 2011)).

As it applies to the Plaintiff in the case at bar, the cat's paw doctrine is a possible theory of liability, not an independent cause of action. Additionally, the cat's paw doctrine is a theory of liability which may hold an "*employer*" liable, not individuals. *Staub v. Proctor Hosp.*, 562 U.S. 411, 415 (2011). Boeing is the only Defendant that employed the Plaintiff. The cat's paw doctrine has no bearing on the Plaintiff's claims for racial discrimination under Title VII because this court does not have jurisdiction over them as discussed *supra*. Lastly, this court makes no determination at this time as to the applicability of the cat's paw doctrine to the Plaintiff's claim for sex discrimination under Title VII, which is not part of the Defendants' Partial Motion to Dismiss. Therefore, this court recommends that any independent causes of action brought under the cat's paw doctrine be dismissed.

### 7. <u>State Law Claims</u>

The Plaintiff lists S.C. Code §§ 1-13-20, 1-13-80 as "relevant state law" in his Amended Complant. (Dkt. No. 74.) Both of these code sections are part of the South Carolina Human Affairs Law ("SCHAL"). The Defendants argue that SCHAL does not allow a claim to be brought when a parallel claim is brought under federal law. (Dkt. No. 76-1. at 15-17) Additionally, the Defendants argue that the Plaintiff did not exhaust his administrative remedies to bring a claim under SCHAL. (*Id.*)

Section 1-13-20 is entitled "Declaration of Policy" and does not contain any actionable language. Section 1-13-80 lists unlawful employment practices and exceptions. However, SCHAL states:

> No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

S.C. Code Ann. § 1-13-90(d)(8). To the extent the Plaintiff is attempting to bring a claim for sex discrimination under SCHAL, this court recommends the claim be dismissed with prejudice because he has brought a Title VII claim seeking relief based on the same facts.

As noted above, this court does not have jurisdiction over the Plaintiff's Title VII claim for racial discrimination. However, the Plaintiff may not bring a race discrimination claim under SCHAL because he does not allege that he exhausted the necessary state administrative remedies. SCHAL requires that "[a]ny person shall complain in writing under oath or affirmation to the Commission within one hundred eighty days after the alleged discriminatory practice occurred." S.C. Code Ann. § 1-13-90(a). The Plaintiff does not allege that he ever filed anything in accordance with SCHAL. The Plaintiff was terminated on October 29, 2014. (Dkt. No. 1-1 at 5.) Therefore the Plaintiff's claim for racial discrimination under SCHAL is barred for failure to timely file a complaint under SCHAL, and this court recommends the claim be dismissed without prejudice.[7]

### The Plaintiff's Response to Defendants' Partial Motion to Dismiss

In the Plaintiff's Response to Defendant's Partial Motion to Dismiss the Amended Complaint and Motion to Strike or Dismiss Defendants' Partial Motion and Memorandum (Dkt.

---

[7] This court recommends dismissal without prejudice to allow the Plaintiff to show whether he complied with the 180 day deadline and other administrative requirements under SCHAL.

No. 85), the Plaintiff moved to strike the Defendants' Partial Motion to Dismiss under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 7 of the Federal Rules of Civil Procedure lists what filings are a "pleading," and distinguishes "motions" from "pleadings." The Defendants' Partial Motion to Dismiss is a motion under Rule 7. A motion to dismiss "is not a 'pleading' within the meaning of the Federal Rules of Civil Procedure, and therefore Rule 12(f) is inapplicable." *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 541–42 (E.D.N.C. 2013) (citing *Kalos v. Law Offices of Eugene A. Seidel, P.A.,* No. 1:09-cv-833-JCC, 2009 WL 3583606 at *5 (E.D.Va. Oct. 26, 2009) (denying plaintiffs' motion to strike defendants' motion to dismiss because "neither a motion to dismiss nor a memorandum in support thereof constitutes a pleading within the meaning of Rule 12(f)"); *Jones v. Dept. of Navy,* No. 4:07-cv-165-F, 2008 WL 1967497 at *2 (E.D.N.C. May 5, 2008) (denying the defendant's motion to strike various motions filed by the plaintiff because motions "are not included in the definition of 'pleadings' under the Federal Rules of Civil Procedure").

The Plaintiff's various arguments to strike the Defendants' Partial Motion to Dismiss are not valid responses to a Motion to Dismiss brought under Rule 12(b). The Plaintiff makes conclusory allegations that the Defendants' Motion was made in bad faith, was barred by laches, was barred by judicial estoppel, and that the Defendants' have unclean hands. (Dkt. No. 85.) Because Rule 12(f) does not apply to a motion to dismiss filed pursuant to Rule 12(b), the Plaintiff's Motion to Strike is DENIED.

## Conclusion

Accordingly, it is **RECOMMENDED** that the Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 76) be **GRANTED.**[8]

**IT IS SO RECOMMENDED.**

Additionally, it is **ORDERED** that the Plaintiff's Motion to Strike (Dkt. No. 85) is **DENIED**.

**IT IS SO ORDERED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 22, 2017
Charleston, South Carolina

**The parties' attention is directed towards the important notice on the following page.**

---

[8] If the district court accepts this recommendation, the only remaining Defendant will be the Boeing Company and the remaining claims will be Title VII claims for gender discrimination and retaliation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).